KELLY, Circuit Judge, dissenting.
 

 If the petitioners were seeking mandamus to quash a discovery order that would compel disclosure of the internal deliberations of the Arkansas Supreme Court, their petition would be well taken. But that is not what the petitioners seek. Instead, they ask for-and the court today grants them-reversal of the district court's denial of their motion to dismiss.
 
 See
 
 Fed. R. Civ. P. 12(b)(6). The petitioners did not ask the district court to limit the scope of discovery,
 
 see
 
 Fed. R. Civ. P. 26(b)(1), (c), or to shield disclosed records from public view,
 
 see
 
 Fed. R. Civ. P. 5.2(d). They only asked the district court to dismiss Judge Griffen's suit on the merits. Mandamus is appropriate only when the petitioners "have no other adequate means to attain the relief [they] desire[ ]."
 
 Cheney v. U.S. Dist. Court for D.C.
 
 ,
 
 542 U.S. 367
 
 , 380,
 
 124 S.Ct. 2576
 
 ,
 
 159 L.Ed.2d 459
 
 (2004) (quoting
 
 Kerr v. U. S. Dist. Court for N. Dist. of Cal.
 
 ,
 
 426 U.S. 394
 
 , 403,
 
 96 S.Ct. 2119
 
 ,
 
 48 L.Ed.2d 725
 
 (1976) ). Because the petitioners have not attempted to exhaust their "adequate means" in the district court, I cannot conclude that mandamus is "the
 
 only
 
 means of forestalling intrusion by the federal judiciary on a delicate area of federal-state relations."
 

 Will v. United States
 
 ,
 
 389 U.S. 90
 
 , 95,
 
 88 S.Ct. 269
 
 ,
 
 19 L.Ed.2d 305
 
 (1967) (emphasis added). Therefore, I respectfully dissent from the grant of mandamus.